Brian T. BURKE, Plaintiff–Appellant,

v.

Donald L. EVANS, Secretary, United
States Department of Commerce,
Defendants–Appellees.

No. 06–1917–cv.

United States Court of Appeals,
Second Circuit.

June 8, 2007.

Brian T. Burke, New York, NY, pro se.

Kristin L. Vassallo, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent–Appellees Donald L. Evans, Secretary, United States Department of Commerce.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Circuit Judges, Hon. LOUIS F. OBERDORFER,* District Judge.

## SUMMARY ORDER

Plaintiff Brian T. Burke appeals from a January 12, 2006 order of the United States District Court for the Southern District of New York (Castel, *J.*) granting summary judgment to defendants Donald L. Evans and the United States Department of Commerce ("the defendants"). Burke brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), and the Rehabilitation Act, 29 U.S.C. § 701 *et. seq.*, alleging that individuals at the Census Bureau ("the Bureau"), by whom he was employed in 2000, discriminated against him on the basis of his national origin, religion, sex, and disability, and also retaliated against him for filing a complaint with the Bureau's Equal Employment Opportunity Office. We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

■ This Court reviews an order granting summary judgment *de novo,* and asks whether the district court was correct to conclude that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal citation and quotation marks omitted).

■ Upon reviewing the record, we conclude that Burke failed to make out a *prima facie* case of discrimination under either Title VII or the Rehabilitation Act. Under Title VII, plaintiff did not demonstrate, as he must to make out a *prima facie* case, that he suffered an adverse employment action the circumstances of which gave rise to an inference of discrimination. *See Mandell v. County of Suffolk,* 316 F.3d 368, 377–78 (2d Cir.2003). In support of his case, plaintiff did not produce any evidence beyond vague recollections of conversations with co-workers, anecdotes based on hearsay, and other unsupported speculation to support his claim that his job with the Bureau was terminated based on national origin, religion, or sex.

■ Under the Rehabilitation Act, plaintiff did not demonstrate that he has a disability that "substantially limits" a "major life activity ... of central importance to daily life," *Weixel v. Bd. of Educ.,* 287 F.3d 138, 147 (2d Cir.2002), for he testified that his visual condition, photophobia, is entirely corrected by wearing tinted sunglasses as instructed by his doctor. Without demonstrating that he has a disability that limits a major life activity, Burke cannot make out a *prima facie* case of discrimination under the Rehabilitation Act. *See id.*

■ In regard to plaintiff's claim that the defendants retaliated against him for making a complaint to the Bureau's Equal Employment Opportunity Office, such a claim is barred because plaintiff failed to exhaust all administrative remedies available to him before bringing the action and the claim is not reasonably related to those raised in plaintiff's original complaint. *See Deravin v. Kerik,* 335 F.3d 195, 200–01 (2d Cir.2003).

■ Plaintiff also appeals a number of discovery rulings by the court below. Two of these rulings are properly before us on appeal, and we review them for abuse of discretion, *see Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004). "Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process," *id.,* we find that the district court did not abuse its discretion in refusing to allow plaintiff to subpoena the present and former United States Secretaries of Commerce and the Director of the Census Bureau for depositions. Plaintiff's additional contentions regarding discovery were not raised before the court below and are not part of the record on appeal. As a result, we do not consider them. *See Loria v. Gorman,* 306 F.3d 1271, 1280 n. 2 (2d Cir.2002).

For the foregoing reasons, we AFFIRM the judgment of the district court.